1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

11  VIVIAN THOMPSON,                        )  No.  CV 02-6793-JTL
                                           )
12            Plaintiff,                    )
                                           )  ORDER  AWARDING  ATTORNEY  FEES
13       v.                                 )  PURSUANT TO 42 U.S.C. § 406(b)
                                           )
14                                          )
                                           )
    JO ANNE B. BARNHART,                    )
15  Commissioner of the Social              )
    Security Administration,                )
16                                          )
              Defendant.                    )
17  _____ )

18

19                         **BACKGROUND**

20      On or about September 5, 2002, plaintiff filed a Complaint

21  challenging the Commissioner's decision denying her application for

22  social security benefits.  On November 4, 2002, the parties filed a

23  Consent to Proceed Before United States Magistrate Judge Jennifer T.

24  Lum.  Thereafter, on January 21, 2003, defendant filed an Answer to

25  Complaint.  On May 19, 2003, the parties submitted a Stipulation for

26  Remand, in which they agreed that this matter should be remanded

27  pursuant to Sentence Four of 42 U.S.C. § 405(g). Pursuant to the

28  Stipulation, the parties agreed that the Administrative Law Judge

1  ("ALJ") would obtain plaintiff's subsequent claim file containing a

2  favorable determination on a September 13, 2002 application for

3  benefits; consider the evidence; determine what effect, if any, such

4  evidence has on the instance case; and determine whether resolution of

5  the evidence in the instant case and the subsequent claim file is

6  possible.  On remand, the Commissioner awarded plaintiff approximately

7  $44,955.00 in retroactive benefits pursuant to Title XVI of the Social

8  Security Act.

9      Counsel for plaintiff now requests that the court issue an order

10  pursuant to 42 U.S.C. § 406(b) awarding him attorney's fees in the

11  amount of $7,500.00 pursuant to his contingency fee contract.[1]  The

12  requested fee is based on 5.8 hours of attorney time and 7.5 hours of

13  paralegal time before the district court.  (Motion at 3).  The

14  Commissioner states that she takes no position as to the

15  reasonableness of the fee request.

16      Based upon a review and consideration of the pleadings filed by

17  the parties in connection with plaintiff's Amended Petition for

18  Attorney Fees Pursuant to 42 U.S.C. § 406(b), the Court finds that

19  $7,500.00 for 5.8 hours of attorney time and 7.5 hours of paralegal

20  work is not reasonable.  For the reasons stated below, the Court

21  concludes that a fee of $5,883.21 is reasonable.[2]

22  ///

23  ///

24

25      [1] On June 9, 2003, counsel was awarded attorneys fees under the
26  Equal Access to Justice Act ("EAJA") in the amount of $1,500.00
    pursuant to a stipulation with the Commissioner.  Counsel agrees to
27  reimburse the $1,500.00 to plaintiff.

28      [2] Of the $5,883.21, counsel will return $1,500.00 to plaintiff
    for EAJA fees already paid.

2

1 | **DISCUSSION**

2   Title 42, United States Code, Section 406(b), provides, in

3 relevant part:

4           Whenever a court renders a judgment favorable to

5           a claimant under this subchapter who was

6           represented before the court by an attorney, the

7           court may determine and allow as part of its

8           judgment a reasonable fee for such

9           representation, not in excess of 25 percent of

10          the total of the past-due benefits to which the

11          claimant is entitled by reason of such judgment.

12   In Gisbrecht v. Barnhart, 535 U.S. 789 (2002), the Court resolved

13 a split in the circuits regarding how to calculate attorneys' fees

14 under Section 406(b).  In rejecting the "lodestar method," under which

15 the number of hours reasonably devoted to each case was multiplied by

16 a reasonable hourly fee,[3] the Court concluded that:

17          [Section] 406(b) does not displace contingent-fee

18          agreements as the primary means by which fees are

19          set for successfully representing Social Security

20          benefits claimants in court.  Rather, § 406(b)

21          calls for court review of such arrangements as an

22          independent check, to assure that they yield

23          reasonable results in particular cases.  Congress

24          has provided one boundary line: Agreements are

25          unenforceable to the extent that they provide for

26          fees exceeding 25 percent of the past-due

27 _____

28      [3] Gisbrecht, 535 U.S. at 797-98.

1          benefits. [Cite omitted].  Within the 25 percent

2          boundary,    as    petitioners    in    this    case

3          acknowledge,   the   attorney   for   the   successful

4          claimant   must   show   that   the   fee   sought   is

5          reasonable for the services rendered.

6 Gisbrecht, 535 U.S. at 807.

7      Moreover, courts that approach fee determinations by looking

8 first   to   the   contingent-fee   agreement,   then   testing   it   for

9 reasonableness, have appropriately reduced the attorney's recovery

10 based on such factors as the character of the representation and the

11 results   the   representative   achieved;   whether   the   attorney   was

12 responsible for any delay of the progress of the case in court; and

13 whether the benefits are excessive in comparison to the amount of time

14 counsel spent on the case.  Id. at 808.

15      Here, under the terms of the contingency fee agreement to which

16 plaintiff agreed, plaintiff agreed that counsel could receive 25% of

17 the backpay awarded upon reversal of any unfavorable ALJ decision for

18 work before the Court.[4]  (Petition, Exh. 1).  Thus, the agreement

19 provides for a fee that falls within the acceptable range as specified

20 in Section 406(b).  Furthermore, there is no assertion that the

21 contingency fee agreement itself is invalid.  There is also no

22 evidence that plaintiff's counsel was responsible for any delay in the

23 Court's proceedings.

24      Although the contingency agreement should be given significant

25 weight in fixing a fee, a district judge must independently assess the

26

27
_____

28      [4] Counsel's fee request of $7,500.00 already represents a
reduction from $11,238.75, or 25 percent of $44,955.00, that he is
entitled to under the terms of the agreement.

1  reasonableness of its terms.  McGuire v. Sullivan, 873 F.2d 974, 983

2  (7th Cir. 1989).  As an aid to assess the reasonableness of counsel's

3  fee pursuant to the terms of the contingency fee agreement, the Court

4  has reviewed the record summarizing the time plaintiff's counsel and

5  paralegal spent working on this case.  See Gisbrecht, 535 U.S. at 808-

6  09.  (See Amended Petition, Exh. 4).

7       Based on the information provided by plaintiff, the average

8  hourly rate in 2000 that a partner in a small law firm (12 or less

9  attorneys) in California charged was $250.00.  The hourly rate for an

10 associate in a small law firm was $171.00, and the hourly rate for

11 paralegals was $86.00.   The upper 10% of hourly rates that were

12 charged in the year 2000 consisted of $336.00 for partners, $250.00

13 for associates, and $120.00 for paralegals.   When allowing for

14 inflation since January of 2000, the hourly rates for the upper decile

15 are $396.51 for partners, $295.02 for associates, and $141.61 for

16 paralegals.   Counsel for plaintiff contends that the Court should

17 assess the reasonableness of the fee request based on these figures.

18 Counsel also notes that the enhancement of approximately 2.73 is

19 necessary to compensate for the risk that contingency lawyers take.

20 In the instant case, counsel requests an enhancement of 2.29.  Counsel

21 further recommends that the Court consider the multiplier received by

22 continency attorneys in class action securities litigation as a guide

23 and cites to cases where courts awarded fees with multipliers ranging

24 from three to four.  Due to the dearth of attorneys willing to handle

25 appeals, counsel for plaintiff also argues that its firm has been

26 responsible for filing thirty to forty percent of the complaints in

27 Social Security cases in this district.   Furthermore, counsel for

28 plaintiff argues that he has worked on this case for three years on a

5

1 pure contingency basis with a risk of no payment.  Thus, in light of
2 all these factors, plaintiff's contends that the fees sought are
3 reasonable and appropriate.

4       Taking into account such factors as the experience of counsel and
5 the inherent risk in the contingent nature of these cases, this Court
6 finds that a fee award of $7,500.00, which would *de facto* be applying
7 an attorney hourly rate of $906.22 and a paralegal hourly rate of
8 $299.19, is excessive and unreasonable.  Unlike other cases where
9 plaintiff could argue that there was a substantial risk of loss from
10 the beginning, there is nothing to suggest that there was a
11 significant risk of loss in this particular case.  In fact,
12 plaintiff's counsel does not make this argument.  Instead, counsel
13 presents general statistics regarding the overall chance of success
14 that social security claimants have in court.  The Court does not take
15 issue with the reasonableness of the 13.3 hours that counsel and his
16 paralegal have billed in this case.  In contrast to the approximately
17 $44,955.00 that plaintiff received in back benefits, however, the
18 concern that counsel not receive a windfall is one of which this Court
19 is mindful.  See Gisbrecht, 535 U.S. at 808; Hearn, 262 F. Supp. 2d at
20 1033.   Thus, based upon the factors discussed above, the Court
21 concludes that a total attorney fee award of $5,883.21 is reasonable.
22 This amount applies a 1.75 multiplier to counsel's normal fee of
23 $396.51 per hour and the paralegal's fee of $141.61.[5]  See McGuire, 873
24 F.2d at 983-84 (in support of the award, the court took into
25 consideration the skill, experience and reputation of [the attorney],

26

27       [5] Using a multiplier of 1.75, counsel's fees amount to
$4,024.58 ($693.89 x 5.8 hours) and the paralegal's fees amount to
28 $1,858.63 ($247.81 x 7.5 hours).

1 | the difficulties of the case, as well as the successful result
2 | obtained).
3 |
4 | **CONCLUSION**
5 |     Based upon the foregoing, plaintiff's Motion for Attorney's Fees
6 | is GRANTED IN PART and gross fees in the sum of $5,883.21 are hereby
7 | awarded.  Upon payment by the Commissioner of the balance of counsel's
8 | fees, plaintiff's counsel shall refund to plaintiff the amount of
9 | $1,500.00 for fees previously paid.
10 | DATED: November 8, 2006
11 |
12 |                                    _____
                                        JENNIFER LUM
                                        UNITED STATES MAGISTRATE JUDGE

7